DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julio E. Roman | ) | |
| | ) | CASE NO.   1:07CV0505 |
| Petitioner, | ) | (1:99CR0178) |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the notice of petition for writ of error coram nobis filed by petitioner, Julio E. Roman, and respondent's brief in opposition to petitioner's motion for writ of error coram nobis. In addition, the Court has petitioner's affidavit in support of his motion for writ of error coram nobis.[1] For the reasons discussed below, the writ of error coram nobis is denied.

## I. BACKGROUND

On July 30, 1999, Petitioner entered a plea of guilty to I.N.S. document fraud, in violation of 18 U.S.C. § 1546(a), and Social Security fraud, in violation of 42 U.S.C. § 408(a)(7)(C) (Plea Agreement ¶ 1) and was sentenced to fifteen months incarceration. On December 26, 2006, petitioner filed, *pro se*, a notice for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651 and submitted an affidavit on his behalf to support the allegations in his motion. Petitioner argues he is entitled to relief through error coram nobis because his defense counsel did not inform him that his guilty plea would have the potential collateral consequence

---

[1] These documents can all be found under the criminal docket for case # 1:99 CR 0178.

(1:07 CV 0505)

of deportation from the United States. Petitioner argues this constitutes ineffective assistance of counsel and that his guilty plea should be held invalid.

Respondent argues petitioner is not entitled to relief through a writ of coram nobis because petitioner has failed to show the fundamental defect of ineffective assistance of counsel. Respondent argues petitioner's counsel was not ineffective for failing to inform him he might be deported as a consequence of pleading guilty to I.N.S document fraud and Social Security fraud charges. It is respondent's contention that defendants need not be informed of collateral consequences of guilty pleas and so petitioner's plea agreement was valid.

## II. DISCUSSION

Originally, to be entitled to relief under a writ of coram nobis, a petitioner had to "demonstrate: (1) an error of fact; (2) unknown at the time of trial; and (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." U.S. v. Acosta, 10 Fed.Appx. 294, 296 (6th Cir. 2001). In Evola v. Atty. Gen. Of United States, 190 Fed.Appx. 171 (3d Cir. 2006), the Third Circuit Court of Appeals describes the more current general requirements for obtaining a writ of coram nobis: (1) the petitioner must no longer be in custody for purposes of 28 U.S.C. § 2255, (2) the conviction being attacked must have collateral consequences to petitioner, and (3) the error must be fundamental, and there must be good reason for failing to seek relief earlier. Id. at 174 (citation omitted).

Petitioner served his original sentence and so is no longer in custody for purposes of 28 U.S.C. § 2255. Petitioner is also facing the collateral consequence of deportation. What remains

(1:07 CV 0505)

to be determined is whether a fundamental error occurred during petitioner's original court proceedings that would allow him to succeed in his motion for a writ of error coram nobis. Petitioner argues the fundamental defect that occurred during his original court proceedings was the ineffective assistance of his counsel.

To prove ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984).  As to the first requirement, "counsel renders ineffective assistance when his performance '[falls] below an objective standard of reasonableness,' but there is a 'strong presumption' that counsel's performance was professionally reasonable." Durr v. Mitchell, No. 00-3353, 2007 WL 1452280, at *7 (6th Cir. May 18, 2007) (citing Strickland, 466 U.S. at 688-89).  Petitioner argues that by not informing him of the potential for deportation that accompanied his entering a guilty plea, his attorney's performance fell below the standard of reasonableness.  However, the Sixth Circuit has recognized that "it is well settled that there is no obligation to advise a criminal defendant of the collateral immigration consequences of entering a guilty plea." Sanusi v. Gonzales, 474 F.3d 341, 347 (6th Cir. 2007) (citing El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir. 2002)). The Sixth Circuit has also confirmed that a "defendant need only be aware of the direct consequences of the plea....[and] the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994).  The petitioner presented no facts to show ineffective assistance of counsel other than the assertion that his attorney did not inform him of the potential for deportation. In the Sixth Circuit, such an allegation is not an adequate basis for determining that counsel was

3

(1:07 CV 0505)

ineffective.  Therefore, petitioner has not shown ineffective assistance of his counsel and has not met the first requirement of the Strickland test.

Since petitioner has failed to establish the first element of the Strickland test, the Court actually need not examine the second element, but will do so for review purposes.  As to this second requirement of the Strickland test, that petitioner must prove resulting prejudice from the alleged ineffectiveness of counsel, petitioner claims that if he had known of the deportation consequences he would not have signed the plea agreement. Petitioner does not allege he was innocent of the crimes he pled guilty to, nor does he allege that there was a possibility he would have been found innocent had he gone to trial.  In Durr, the court advanced the proposition that "prejudice requires a showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Durr, supra at *7 (citing Strickland, 466 U.S. at 694).  There is nothing in the record, nor anything alleged by petitioner, to suggest that the result of the original criminal proceedings would have turned out differently than they did.  The Durr court describes the prejudice requirement as "a high burden for the petitioner to satisfy." Id.  In this case, petitioner has not satisfied his burden.  Because petitioner could not show that his counsel was ineffective, nor that he was prejudiced by the alleged ineffectiveness of his counsel, he has failed to satisfy both parts of the Strickland test for

(1:07 CV 0505)

showing a fundamental defect. Therefore, petitioner has not met the fundamental defect requirement for a writ of error coram nobis.[2]

Because petitioner did not demonstrate ineffective assistance of counsel, he failed to show the fundamental error that would be necessary to render his guilty plea invalid, and therefore, he is not entitled to relief through a writ of error coram nobis.

### III. CONCLUSION

For the reasons discussed herein, petitioner's motion for writ of coram nobis is denied.

IT IS SO ORDERED.

| | |
|---|---|
| _June 18, 2007_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[2] Although there is no statute of limitations on petitions for writs of error coram nobis, the doctrine of laches applies to coram nobis proceedings. U.S. v. Nyhuis, 40 Fed.Appx. 80 (6th Cir. June 21, 2002). In order to avoid the bar, "a coram nobis petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case." Id. at 81 (citation omitted). In the instant case, petitioner has given no indication of why he waited almost six years to file the petition for this writ. This fact supplies another ground for denial of the petition.

5